UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN SIDBURY,

                Plaintiff,

      - against -

DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

**MEMORANDUM & ORDER**
19-CV-434 (RRM) (RER)

      On January 15, 2019, *pro se* plaintiff Steven Sidbury, incarcerated at Southport

Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*,

violations of his civil and constitutional rights related to inadequate health care services and

denial of his right to attend certain court proceedings.  (Compl. (Doc. No. 1).)  The Court grants

plaintiff's application to proceed *in forma pauperis*, but for the reasons stated below, the

complaint is dismissed with leave to replead.

## BACKGROUND

      Sidbury's submission on the form civil rights complaint is difficult to read based on his

penmanship.  To the extent that the Court can discern his claims, Sidbury appears to complain

about the lack of mental or medical health services he received while he was detained at the

George R. Vierno Center, a jail on Rikers Island, and at Downstate Correctional Facility and

Southport Correctional Facility, both New York State prisons.  (*Id.* at 3.)  The alleged

deprivations occurred from March 18, 2017, to December 24, 2018.  (*Id.* at 3–4.)  The Court

takes judicial notice of the fact that Sidbury was transferred to New York State custody on

February 4, 2017.  While the complaint names Captain Fraser, a Rikers Island correctional

officer, as a defendant, the identities of the other defendants are less clear.  The complaint names

corrections officers of the "ESU" (presumably, the Emergency Services Unit), yet it fails to

specify where these individuals are employed.

Additionally, Sidbury alleges violations of his constitutional right to due process, stating

that he was not permitted to attend various unspecified pre-trial proceedings.  He also alleges that

he was not permitted to attend his "730 hearing," to determine his fitness to stand trial in the

Queens County Supreme Court.  (*Id.* at 4.)  The Court understands the complaint to refer to

Article 730 of New York's Criminal Procedure Law, which provides a means for the dismissal of

charges against a defendant deemed an "incapacitated person."

Although the Court cannot discern all of the injuries Sidbury alleges on the form

complaint, he cites "mental defects," including anxiety disorder, post-traumatic stress disorder,

and borderline personality disorder.  (*Id*. at 4.)  In terms of relief, Sidbury seeks to "return to a

psychiatric hospital."  (*Id.* at 5.)

The Court also notes that Sidbury submitted a letter, dated February 13, 2019, stating,

*inter alia*, that he was "not competent to stand trial due to a serious mental illness" and

"negligence of asthma," and that he was "highly sedated" during the trial.  (2/13/2019 Ltr. (Doc.

No. 6) at 1.)  He also appears to challenge other conditions of his incarceration, including that he

has been denied access to the law library.

## STANDARD OF REVIEW

District courts are required to screen a civil complaint brought by a prisoner against a

governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if

the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915A(b)(1).  Similarly, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court construes plaintiff's *pro se* pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted) (citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Nevertheless, while courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted), a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face."  *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id*. (internal quotation marks omitted) (citation omitted).  Similarly, a complaint is insufficient to state a claim "if it tenders naked assertion[s] devoid of further factual enhancement."  *Id*. (internal quotation marks omitted) (citation omitted).

**DISCUSSION**

Sidbury is proceeding pursuant to 42 U.S.C. § 1983.  This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  In order to maintain a § 1983 action, a plaintiff must show that the defendant (1) acted under color of state law, (2) to deprive the plaintiff of a right arising under the Constitution or federal law.  *See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  Moreover, a plaintiff cannot base a defendant's liability on *respondeat superior* or on the "linkage in the . . . chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (internal quotation marks omitted) (citation omitted).

I.     **Rule 8**

It is impossible for the Court to determine, what, if anything, each defendant allegedly did or failed to do in violation of Sidbury's constitutional rights.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of a claim against each defendant named so that each defendant has adequate notice of the claims against him. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d

4

Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial") (internal quotation marks omitted) (citation omitted). With respect to Sidbury's claim that he was denied his right to be present at certain pre-trial proceedings and his Article 730 hearing, he alleges a due process violation. However, the complaint is sparse, offering little to no detail about these events. The complaint does not specify which officers, if any, denied Sidbury access to the courts, nor does it allege any acts or omissions by any of the defendants. Even if read generously, the complaint fails to state claims against the defendants in a legible manner, and consequently the Court cannot determine whether Sidbury has set forth the factual support required to state a plausible claim.

Moreover, the Court takes judicial notice of the fact that Sidbury is serving a determinate term of 50 years' imprisonment, and thus, he will remain in custody for the foreseeable future. Thus, the Court notes that none of the named defendants are capable of providing him the relief he seeks – return to a psychiatric hospital.

Accordingly, the complaint is dismissed, without prejudice, for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

## II.   Municipal Liability

Additionally, even if the complaint contained clear and plausible factual allegations, Sidbury is precluded from maintaining claims against the Department of Correction ("DOC"), the DOC's Emergency Services Unit ("ESU"), and the New York Police Department ("NYPD"). The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, §

396.  That provision has been interpreted to mean that New York City departments [and agencies, such as the DOC, ESU, and NYPD], distinct from the City itself, do not have the capacity to be sued.  *See Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City of New York, not an agency); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Lopez v. Zouvelos,* No. 13-CV-6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against the NYPD and DOC as non-suable entities).

Although the City of New York may be sued, a municipality is only liable under Section 1983 where a plaintiff establishes that a municipal policy or custom caused the deprivation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Ramcharan v. City of New York*, No. 13-CV-3842 (KAM), 2014 WL 917254, at *2 (E.D.N.Y. Mar. 10, 2014).  A plaintiff can establish the existence of a municipal policy or custom by showing:  (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees.  *See Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the *pro se* complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a municipal policy, custom, or practice.  Accordingly, even if Sidbury had named the City of New York as the proper

defendant, he failed to plausibly allege a Section 1983 claim, and the complaint must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### III.    Leave to Amend

Although the complaint currently fails to state a claim on which relief may be granted, in light of Sidbury's *pro se* status, the Court grants him thirty days to amend his complaint to include a plausible claim to relief. *See* Fed R. Civ. P. 15(a); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))).  To the extent that Sidbury seeks to allege claims against the City of New York, he must allege facts suggesting a basis for imposing municipal liability.  If he intends to bring claims against individual actors, he should name as proper defendants those individuals who have some personal involvement in the constitutional violations he alleges in the amended complaint.  Even if Sidbury does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe.  To the best of his ability, he must describe each individual and the role she or he played in the alleged deprivation of his rights.

If Sidbury chooses to file an amended complaint, he must do so within thirty days of this Order.  The amended complaint must be legible so that the Court can discern the basis for the amended complaint.  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.  Sidbury is advised that an amended complaint replaces the complaint in its entirety and therefore it must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed.  The factual allegations in his

February 13, 2019, letter to the Court, (Doc. No. 6), should be included in the amended complaint itself.

If Sidbury files an amended complaint, it will be reviewed for compliance with this Memorandum and Order and for sufficiency under 42 U.S.C. §§ 1915A and 1915(e)(2)(B). If Sidbury fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action shall be entered.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff at the address listed on the docket, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       May 19, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

8